SPOTTS
*vs.*
LANGE ET ALS.

The defendant's acknowledgment and promise to pay his note before and after the lapse of *five* years from the time it became due, and before suit is brought, will take the case out of prescription, when the action would otherwise be barred.

If the omission of the defendant to deny the plaintiff's capacity to sue, waives the right to do so, and dispenses him from the necessity of proving it when the debt is denied ; the same consequence ought to follow, when there is a legal presumption of its justice being confessed.

The possession of the note by the plaintiffs, afford some presumption that it is still unpaid. The forbearance to sue, may well be imputed to the repeated promises of the defendant, and is a corroborating circumstance of the evidence on record, that the promises were made. The cause may well be presumed from the effect.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

═══════

**SPOTTS *vs.* LANGE AND LONGUEPE.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE SECOND PRESIDING.

Where two purchasers join in the purchase of a boat, its load and cargo, and one acts as the agent of the other; when sued jointly for the price, the one who authorised the other to act as his agent, cannot call his co-defendant in warranty.

Purchasers of property, from a person having the *apparent* right of disposing of it, are *not to* be considered as trespassers.

An amendment, correcting an error in the petition, by describing certain timbers in a house-frame, to be *poplar* instead of *walnut*, as originally stated, does not require an answer.

The plaintiff alleges, that in the month of October, 1832, he entrusted one Samuel Barber, in Henderson county, in the state of Kentucky, with the captaincy and agency of a flat-

boat and her load, consisting of plank, scantling and house-frames, to bring to New-Orleans; that in December, when the boat and load arrived at Baton Rouge, Hilaire Longuepe and Charles Lange, fraudulently and without any right or title, took possession of her, and converted to their own use, the said boat and her loading, worth the sum of one thousand four hundred dollars, for which he prays judgment, or the restoration of the boat and cargo, and for six hundred dollars in damages and costs.

WESTERN DIST.
*August,* 1834.

SPOTTS
*vs.*
LANGE ET ALS.

The defendants separated in their answers.  Lange pleaded the general issue; specially denying all fraud, or that he is bound either personally or *in solido,* with said Longuepe, for the restitution of said boat, lumber, and house-frame, or the payment of any sum of money therefor.  He further states, he purchased from Hilaire Longuepe, one-half of said boat and lumber, and part of a house-frame, different from that described in the petition, for which he paid six hundred dollars; that Longuepe showed him a receipt, by which it appeared, he had paid eight hundred dollars for the boat and its cargo, from which he appeared to be the rightful owner. He prays judgment in warranty, against Longuepe, for the same amount that may be obtained against him, in case it is made to appear, that the said boat and its contents, were the property of the plaintiff, &c.; and for three hundred dollars in damages.

The plaintiff had leave to amend his petition, by alleging, that the *house-sills* stated therein to be of walnut, were in fact made of *poplar.*

*Longuepe* pleaded a general denial; and that he purchased the boat and lumber, as the agent of Charles Lange, his co-defendant, from a person, purporting to be the commander of the boat, whom he believed to be the *bona fide* owner; but that he never took possession of any part of the property, which was taken by his co-defendant. He prays for a separate trial.

Certain interrogatories were propounded by the plaintiff, in a supplemental petition, to be answered by the defendants in open court, at a time to be fixed.  Longuepe, one of the defendants, moved to have them struck out, on the ground,

WESTERN DIST.    that he had severed from his co-defendant in his trial; that
*August,* 1834.   his defence is adverse to that of his co-defendant, &c. The
SPOTTS           motion was overruled, and a bill of exceptions taken.
*vs.*
LANGE ET A LS.       *Lange* answered the interrogatories, and declared that he
bought the half of the flat-boat and lumber, &c., from
Longuepe, his co-defendant, who showed a receipt, by which
it appeared he gave eight hundred dollars, for the boat
and her loading. After taking out part of the contents of the
boat, he gave Longuepe six hundred dollars for the balance.
He denied that Longuepe acted as his agent.

*Longuepe,* in answer to the interrogatories, stated that
he purchased the boat and contents, as the agent of Lange,
for two hundred dollars. That the person from whom
he bought, after stating his reasons, and on giving a bill
of sale, stated in it, that the price was eight hundred
dollars, &c.

*Mr. Jones,* a witness for plaintiff, states that he assisted in
procuring the lumber and house-frame in question, and that
he has since seen the same house-frame, and about fourteen
or fifteen thousand feet of the boards and scantling, in the
lumber-yard of Lange ; as a carpenter, the witness estimates
the house-frame, and what plank, scantling and materials he
has seen in possession of the defendant, as worth seven or
eight hundred dollars, not including the fourteen or fifteen
thousand feet of lumber, &c., which is worth about three
hundred dollars.

The cause, on this evidence, with that of several witnesses,
substantially corroborating it, was submitted to a jury, who
returned a verdict of one thousand one hundred dollars for the
plaintiff, against Lange, and in favor of Longuepe, upon
which judgment was rendered. The defendant's counsel
moved for a new trial, on several grounds, which was
overruled, and Lange appealed.

*R. & A. N. Ogden,* for the plaintiff.

1. The verdict, and judgment thereon, is fully supported
by the law, and the evidence of the case. Whether Lange
knew at the time or not, that he was purchasing the property

of another, he was bound to return it, or its value, to the real owner, when he appeared and claimed it. *Story on Bailment*, page 70 and 79. 2 *Kent's Com.* 262. *Bacon's Abridgment tit. Merchandise.* 4 *Martin, N. S.* 288. 3 *La. Reports*, 282.

2. The evidence showing that Lange had taken all the property, and converted it to his own use, he is certainly liable for the value of it ; the plaintiff having in his petition, demanded a judgment against each defendant, for the whole amount.

*Turner*, for the appellant. The defendant Lange seeks a reversal of the judgment against him, on the following grounds :

He assigns as error, apparent on the face of the record, that there was not a *contestatio litis*, to the amended petition. 4 *La. Reports*, 13.

2. The verdict does not respond to the plaintiff's demand, or to the issue between the parties, that being in the alternative for the property or its price ; the verdict is therefore, contradictory, inconsistent and illegal.

3. If at all liable, Lange was only jointly bound with his co-defendant. He had sold the house-frame, and is only bound for the price he received for it.

4. But Lange was the true owner of the property ; he had purchased it fairly, and for a valuable consideration, without notice of the plaintiff's title, and in due course of trade. 8 *Martin. N. S.* 368.

5. He committed no fraud or trespass, was not liable for damages, and is at all events, entitled to be re-imbursed for the money he paid for the property : He therefore insists on a reversal of the judgment, and one rendered in his favor, or that the cause be remanded.

*Martin, J.*, delivered the opinion of the court.

This action is brought to recover from the defendants, *in solido*, a flat-boat and its loading, or a sum of one thousand four hundred dollars as its alleged value.

24

The defendant pleaded the general issue, and averred he had purchased from his co-defendant, one undivided half of a flat-boat, with a quantity of lumber and timber, and particularly part of a house frame, and that the latter had appropriated to his own use, such part of the timber and lumber as he wanted, and for the remainder, which came into his (Lange's) possession, he paid six hundred dollars to his co-defendant, whom he called in warranty.

Longuepe (the other defendant) pleaded the general issue, and specially denied having taken possession of the boat or its loading. He admitted, that as agent of his co-defendant, he had purchased a quantity of lumber and timber on board of a flat-boat, from a person who called himself (and whom he believed to be) the real owner. He averred that—his co-defendant took possession of the lumber and timber.

The plaintiff, with leave, amended his petition, by stating that the sill of the house-frame, was of poplar, and not of walnut, as had been erroneously stated. To this amendment, neither of the defendants filed an answer.

The plaintiff next filed a supplemental petition, praying that the defendants might answer several interrogatories annexed thereto.

Longuepe objected that a motion he had made for a separate trial was still pending, and Lange's answer must be taken in his own favor, on the demand in warranty. That the interrogatories did not correspond to the allegations in the petition, and they were not filed until after the defendants had answered the petition. Ten days at least should have been allowed them to answer in.

The defendants were ruled to answer the interrogatories, on the following day, and the defendant Longuepe excepted.

Lange, in answering, averred the truth of his statements in his answer to the petition, denied that his co-defendant was his agent in the purchase, and averred that he did not know any thing but the payment of six hundred dollars.

Longuepe answered he was his co-defendant's agent in the purchase, and was especially authorised by him for that purpose. That two hundred dollars only, were paid to the

ostensible owner, for the boat and loading, which sum was paid by him, in the presence of the boat's crew. That his co-defendant desired the price to be stated at five hundred dollars, but the vendor put it down at eight hundred dollars.

WESTERN DIST.
*August*, 1834.

SPOTTS
*vs.*
LANGE ET ALS.

The bill of sale was in the following words : " Baton Rouge, Dec. 4, 1832. This will certify that I have sold a flat-boat loaded with lumber to Hilaire Longuepe, for the sum of $800, with all the articles thereto belonging."

The subscribing witness testified, that Lange was not present at the signing of the bill of sale.

The vendor testified, that, as the agent of the plaintiff, he had delivered the lumber and timber claimed in the petition to Barber, in Kentucky. He identified a large portion of it, which he, being a carpenter, estimated at one thousand one hundred dollars.

Monget testified he heard Lange tell his co-defendant to purchase the boat and loading for them, and to pay the two hundred dollars.

Roulston, a hand on board, deposed that the boat was first, commanded by Barber, but afterwards by Jones the vendor.

There was a verdict against Lange for one thousand one hundred dollars, and for his co-defendant.

Judgment was given accordingly, and Lange appealed, after an unsuccessful effort to obtain a new trial.

Our attention has been given to a bill of exceptions taken to the charge of the judge to the jury, in which he instructed them *to disregard the appellant's claim on the warranty*, expressing his opinion that co-trespassers were not entitled to an action of warranty, which is confined to real property; adding, that no order to cite in warranty had been given or prayed for in the petition, or judgment by default had been taken.

It does not appear to us the judge erred, although we are not able to see the applicability to the present case, of that part which relates to co-trespassers, as the purchase having been made from a person having the apparent right of disposing of the property (purchased) the vendees ought not to be considered as trespassers.

Where two purchasers join in the purchase of a boat, its load and cargo, and one acts as the agent of the other; when sued jointly for the price, the one who authorised the other to act as his agent, cannot call his co-defendant in warranty.

Purchasers of property, from a person having the apparent right of disposing of it, are not to be considered as trespassers.

WESTERN DIST.
*August*, 1834.

REYNOLDS ET AL.
*vs.*
YARBOROUGH.

An amendment correcting an error in the petition, by describing certain timbers in a house-frame, to be *poplar* instead of *walnut*, as originally stated, does not require an answer.

The amendment stating the sills of the house frame, to be not of walnut, but of poplar timber, appears to us a mere correction of an error in the petition, which did not render an answer necessary.

On the merits, nothing appears to authorise our interference with the verdict. It does not appear to us proper to notice the exceptions of Languepe, on his being ruled to answer interrogatories as he did not appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.